# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**DAWN ELIZABETH PETTIT,**

    **Plaintiff,**

vs.                                                                        **Case No. 1:23cv159-AW-MAF**

**ALACHUA COUNTY,**
**ALACHUA COUNTY PROPERTY**
**APPRAISER,**
**ALACHUA COUNTY TAX**
**COLLECTOR,**
**AYESHA SOLOMON,**
**and JOHN POWER,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Pending in this case are two motions to dismiss Plaintiff's second amended civil rights complaint. ECF Nos. 25, 28. After advising the pro se Plaintiff of her obligation to respond to the motions, ECF Nos. 26 and 29, Plaintiff filed responses in opposition, ECF Nos. 31-32, and simultaneously filed a motion requesting leave to file a third amended complaint, ECF No. 30. The parties were provided an opportunity to respond to Plaintiff's motion, ECF No. 33, and all parties oppose granting Plaintiff the relief

requested. ECF Nos. 34-35. This Report and Recommendation address all three of these pending motions.

**Plaintiff's motion to amend, ECF No. 30**

Plaintiff contends that instead of dismissal, the Defendants should seek as an alternative, or in addition to their Rule 12(b) motion, a motion under Rule 12(e)[1] "for a more definitive statement, allowing Plaintiff the opportunity to correct complaint deficiencies and offer clarifications on the issues raised . . . ." ECF No. 30 at 2. First, such a motion cannot be filed in addition to a Rule 12(b) pleading, but instead, "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Second, a plaintiff cannot require a defendant to file a particular motion. Furthermore, although filing an amended complaint may be desired by Plaintiff and perceived as more advantageous, Plaintiff must obtain leave of Court to do so. Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 15 requires courts to "freely give leave" to amend, but the Court must consider if "justice" so requires"

---

[1] A Rule 12(e) motion "for a more definite statement" may be filed when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Case No. 1:23cv159-AW-MAF

because "granting leave to amend is not automatic." Scottsdale Ins. Co. v. Wood, No. 1:22-CV- 03217-LMM, 2023 WL 3690433, at *1 (N.D. Ga. Mar. 30, 2023) (citing to Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982)). This Court has discretion permitting an amended complaint and may deny a motion to amend in circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

In this case, Plaintiff initially filed a defective complaint, ECF No. 1, and was required to file an amended complaint. ECF No. 11. That Order explained many of the deficiencies of the complaint and gave Plaintiff a month to cure those deficiencies and file an amended complaint. *Id.* Plaintiff opposed that Order, ECF No. 16, but her objections were overruled. ECF No. 20. A week later Plaintiff filed a first amended complaint, ECF No. 22, but that pleading did not correct a primary deficiency - that Plaintiff could not represent another individual's interests because she is not an attorney. Plaintiff was directed to file a second

amended complaint. ECF No. 23. She was reminded to comply with Rule 8 as previously explained, and Local Rule 5.7, also previously explained. *Id.* at 3.

Plaintiff then filed a second amended complaint, ECF No. 24, on August 23, 2023. Before that pleading could be reviewed, the first motion to dismiss, ECF No. 25, was filed. The second motion to dismiss was filed two weeks later. ECF No. 28.

Notably, Plaintiff's second amended complaint, ECF No. 24, did not cure the deficiencies pointed out by the Court. In particular, it did not comply with Rule 8. A pleading with 140 numbered paragraphs is not a "short and plain statement" of Plaintiff's claim. It also had a multitude of attachments, making the pleading 116 pages in length. ECF No. 24. That does not comply with Local Rule 5.7.

Moreover, Plaintiff's proposed third amended complaint, ECF No. 30-1, does not comply either. The pleading consists of 193 numbered paragraphs and is 52 pages in length. It is supported by another 74 pages of exhibits, making the pleading 126 pages in total length. ECF Nos. 30-2, 30-3. The proposed third amended complaint is longer than the second amended complaint and still does not simplify or clarify Plaintiff's claims.

Indeed, the pleading would be even longer if Plaintiff had complied with Local Rule 5.1(C) which requires documents to be double spaced with at least 14-point font.  N.D. Fla. Loc. R. 5.1(C).  Permitting Plaintiff to proceed with her third amended complaint would implicitly allow Plaintiff to violate the Local Rules of this Court,[2] the Federal Rules of Civil Procedure, and multiple Court Orders.  A plaintiff cannot, by paying the Court's filing fee and obtaining summonses from the Clerk of Court, purchase a bypass of the Rules.

Defendants also oppose granting Plaintiff's motion on the basis of futility.  ECF Nos. 34, 35.[3]  Defendant Solomon points out that Plaintiff's action is barred by 28 U.S.C. § 1341 and argues that she lacks standing to file suit.  ECF No. 35 at 2.  Defendants Power and Alachua County also argue that Plaintiff lacks standing and that her proposed amended complaint does not inject any additional clarity to the muddy waters of this

---

[2] Local Rule 5.7 states that a complaint must be limited to no more than "25 pages, unless the Court authorizes" excess pages. N.D. Fla. Loc. R. 5.7(B).  Multiple Orders required Plaintiff to comply with Rule 5.7(B).  *See* ECF Nos. 11, 20, and 23.

[3] Plaintiff has submitted a reply, ECF No. 36, to Defendants' responses. However, the Local Rules of this Court provide that parties "ordinarily may not file a reply memorandum in support of a motion."  N.D. Fla. Loc. R. 7.1(I).  Plaintiff was not given permission to file a reply.  Thus, her reply, ECF No. 36, has not been considered.

Case No. 1:23cv159-AW-MAF

case.  ECF No. 34 at 2.  Without standing, granting leave to amend would be an exercise in futility.

**Allegations in the Second Amended Complaint, ECF No. 24**

Plaintiff Pettit is the daughter of Charlotte B. Campbell and her "sole heir."  ECF No. 24 at 2.  Campbell owns certain real property in which Pettit claims she "has a personal stake and interest in the matter" and is injured by government conduct.  *Id.* at 3.  It appears that the challenged conduct is "the imposition of an ad valorem tax on non-commercial property" which is owned by Campbell.  *Id.* at 5.  Pettit contends the property "is not taxable," and Defendants cannot "collect any taxes" on the property.  *Id.* at 5, 7.  Pettit claims the Defendants have "conspired to commit a fraud and unlawful conversion upon Ms. Campbell's PROPERTY," and have violated numerous federal laws.  *Id.* at 10, 11.

Although Pettit does not clearly provide the address of the subject property in the complaint, she attached exhibits to the complaint which provide the address: 1505 N.E. 7th Street, Gainesville, Florida.  ECF No. 24 at 61, 105-106.  Those attachments demonstrate that the property is titled to Charlotte B. Campbell, not the Plaintiff.  *Id.* at 106.  Plaintiff's

interest in the property would not possibly vest until the death of Charlotte B. Campbell. See ECF No. 24 at 107.

**Standing**

Defendant Solomon points out that Florida law[4] designates the "parties who have standing as plaintiffs in a tax suit." Todora v. Venice Golf Ass'n, Inc., 847 So. 2d 577, 578 (Fla. 2d DCA 2003) (cited in ECF No. ECF No. 35 at 2). "Those parties are 'the taxpayer contesting the assessment of any tax, the payment of which he or she is responsible for under the law,'" or another "person who is responsible for the entire tax payment pursuant to a contract . . . ." FLA. STAT. § 194.181(a) (2021); see also Todora, 847 So. 2d at 578. "'Taxpayer' means the person or other legal entity in whose name property is assessed." Todora, 847 So. 2d at 579. Because Pettit is not the "taxpayer" for the property and has not demonstrated she has a contract making her responsible for the tax

---

[4] Florida statute 194.181 lists the parties to a tax suit: "The plaintiff in any tax suit shall be: (a) The taxpayer or other person contesting the assessment of any tax, the payment of which he or she is responsible for under a statute or a person who is responsible for the entire tax payment pursuant to a contract and has the written consent of the property owner, or the condominium association, cooperative association, or homeowners' association as defined in s. 723.075 which operates the units subject to the assessment; or (b) The property appraiser pursuant to s. 194.036." FLA. STAT. § 194.181(1) (2021).

Case No. 1:23cv159-AW-MAF

Page 8 of 12

payment, Pettit does not have standing to challenge the assessment of any tax assessed on real property belonging to Campbell.

Defendants Power and Alachua County join in the argument as to standing. ECF No. 34 at 2. They point out that "Charlotte Campbell has the ability to fully alienate the property without any limitations on her authority to do so." *Id.*; *see also* ECF No. 34 at 5. "Therefore, the Plaintiff has no present standing" and amendment of the complaint cannot cure that jurisdictional deficiency. *Id.* at 2.

"A plaintiff who invokes the jurisdiction of a federal court bears the burden to show '(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir. 2003) (quoted in CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006)). "An 'injury in fact' requires the plaintiff to 'show that he personally has suffered some actual or threatened injury.'" Clearwater, 351 F.3d at 1117 (emphasis omitted) (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, 454 U.S. 464, 472, 102 S. Ct.

752, 758, 70 L. Ed. 2d 700 (1982)) (quoted in CAMP Legal Def. Fund, 451 F.3d at 1269)). To allege sufficient injury, the Supreme Court "has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975) (citations omitted).

Challenges to the lawful authority of the Defendants to assess taxes on real property must be brought by the person with the legal right or interest in the property. Plaintiff's interest in the property is speculative. She does not currently own the property and, thus, cannot meet her burden to show concrete and imminent harm. Plaintiff lacks standing to bring this case.

**Motions to Dismiss**

When responding to Plaintiff's second amended complaint, Defendants Power and Alachua County assert that Plaintiff's complaint cannot be maintained because Plaintiff "fails to properly demonstrate standing." ECF No. 25 at 4. Any potential injury to Plaintiff "is nothing more than conjecture." *Id.* at 6. That argument is sufficient to grant that

Page 10 of 12

motion to dismiss, and there is no need to consider Defendants' arguments concerning their lawful authority to levy ad valorem taxes.

Defendant Solomon also argued lack of standing, in addition to principles of comity, that this case is barred by the Tax Injunction Act, 28 U.S.C. § 1341, and that Defendant is protected by qualified immunity. ECF No. 28. Again, there is no need to consider those arguments because Plaintiff has not demonstrated standing.

In reaching that conclusion, one additional argument should be addressed as it concerns the issue of standing. In responding to the motions to dismiss, Plaintiff argued that she has standing to bring this case pursuant to 18 U.S.C. § 4,[5] and has a "duty to bring and maintain this action" for the reporting of crimes. ECF No. 31 at 9; ECF No. 32 at 8. The statute cited by Plaintiff describes a crime; it does not designate authority to a private citizen to prosecute alleged violations of federal criminal law. Plaintiff, as a private citizen, lacks "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S.

---

[5] The statute provides: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 4.

Case No. 1:23cv159-AW-MAF

54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted).  Plaintiff does not have standing to compel the government to enforce its laws or prosecute crimes or alert this Court to alleged crimes.  <u>Diamond</u>, 476 U.S. at 65, 106 S. Ct. at 1705.  Because Plaintiff does not allege sufficient facts to demonstrate standing, both motions to dismiss should be granted.

## <u>RECOMMENDATION</u>

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file a third amended complaint, ECF No. 30, be **DENIED** as futile, and that Defendants' motions to dismiss, ECF Nos. 25 and 28, be **GRANTED** because Plaintiff lacks standing to bring this action.

**IN CHAMBERS** at Tallahassee, Florida, on November 28, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

Case No. 1:23cv159-AW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.