IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DAWN ELIZABETH PETTIT,**

    **Plaintiff,**

v.                                                         Case No. 1:23-cv-159-AW-MAF

**ALACHUA COUNTY, et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Plaintiff Dawn Elizabeth Pettit, pleading as "one of the sovereign people of the union state of Florida," sued local officials over the taxation of her mother's property. ECF No. 24 (note omitted). The operative complaint is the Second Amended Complaint, which Pettit acknowledges was "titled as third in error." ECF No. 31 at 2. Defendants are Alachua County, the Alachua County Property Appraiser's Office, Alachua County Property Appraiser Ayesha Solomon (in her official and individual capacities), and Alachua County Tax Collector John Power (in his official and individual capacities). ECF No. 24 at 4.

Defendants have moved to dismiss, and the magistrate judge has recommended dismissal based on lack of standing. ECF Nos. 25, 28, 37. Also pending is Pettit's motion to amend her complaint, ECF No. 30, which Defendants oppose, and which the magistrate judge recommends denying, ECF Nos. 34, 35, 37.

1

Pettit has filed objections to the report and recommendation, ECF No. 38, and I have considered de novo the issues she raised. I have determined that the claims must be dismissed and that the motion to amend should be denied.

Pettit's claims are difficult to discern, but at the heart of her complaint is the contention that Defendants have no right to tax a certain parcel of real estate. *See, e.g.*, ECF No. 24 ¶ 32 ("Taxing the right to own, acquire, possess, protect, and enjoy property violated Plaintiff's substantive rights to property ownership in accordance with the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as in *Murdock*, the Supreme Court declared that '[a] state may not impose a charge for the enjoyment of a right granted by the federal constitution.'" (quoting *Murdock v. Com. of Penn.*, 319, U.S. 105, 111 (1943))).[1] Perhaps her claim is that the Constitution forbids ad valorem taxes on parcels where owners engage in no business. *Cf.* ECF No. 24 ¶ 19 ("Defendants failed to produce evidence of the

---

[1] "In *Murdock*, the Court ruled that a city could not impose a flat license tax payable by all persons canvassing for or soliciting orders for goods, paintings, pictures, wares, or merchandise of any kind on Jehovah's Witnesses who went about from door to door distributing literature and soliciting people to 'purchase' certain religious books and pamphlets." *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1, 22 (1989) (cleaned up). "The Court acknowledged that imposing an income or property tax on preachers would not be unconstitutional. It emphasized, however, that a flat license or occupation tax poses a greater threat to the free exercise of religion than do those other taxes, because it is levied and collected as a condition to the pursuit of activities whose enjoyment is guaranteed by the First Amendment." *Id.* (cleaned up).

PROPERTY's use in conducting any duties, imposts, excises, and/or taxable income . . . ."); *id.* ¶ 26 ("Defendants have failed to show proof that the PROPERTY's owner is a taxpayer, or other legal entity, having been created by the state in order to conduct business and being required or responsible to pay the tax being imposed as evidenced by a business license, charter or incorporation, or other proof of a business enterprise . . . ."). But whatever the claim, Pettit has not alleged facts showing standing, so she has not demonstrated that the court has subject-matter jurisdiction. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (noting need to plead facts showing jurisdiction).

Pettit alleges that her mother owns the property. ECF No. 24 ¶ 1. She says she has an "Enhanced Life Estate" in the property and is her mother's "sole heir." *Id.* But the "Enhanced Life Estate" deed, which Pettit attached to her pleading, shows that Pettit's mother deeded the property to herself for life, listing Pettit as the remainderman. ECF No. 24 at 107. But the deed also reserved the mother's right to sell the property in fee simple. *Id.* And it reserved the mother's "full power and authority to divest remaindermen." *Id.* Thus, any injury to Pettit is speculative at best, meaning she has not shown any injury sufficient to support standing here.[2]

---

[2] In an earlier iteration, Pettit sued "on behalf of" her mother. ECF No. 1 ¶ 1. As the magistrate judge noted, though, Pettit—a nonlawyer—could not present her mother's claims.

Pettit argues that "as one of the People of the union state of Florida," she has "a duty to bring and maintain this action pursuant to Title 18 U.S.C. § 4 in the reporting of crimes being committed against Plaintiff and others similarly situated . . . with a clear constitutional standing in all family property." ECF No. 31 at 9. But 18 U.S.C. § 4, a criminal statute, does not give Pettit Article III standing here.

Pettit has moved for leave to amend, ECF No. 30, but her proposed complaint would fare no better, and it also does not comply with the court's local rules regarding length and formatting. For these reasons, the motion to amend is denied. This will bring this case to a close.

The recommended disposition (ECF No. 37) is approved. The motions to dismiss (ECF Nos. 25, 28) are granted. The motion to amend (ECF No. 30) is denied. The clerk will enter a judgment that says, "Plaintiff's claims are dismissed without prejudice for lack of subject-matter jurisdiction." The clerk will then close the file.

SO ORDERED on December 18, 2023.

                                             s/ *Allen Winsor*
                                             United States District Judge